# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01197-WJM-CBS

JENNIFER BOYKIN,

    Plaintiff,

v.

DILLON COMPANIES, INC. d/b/a KING SOOPERS,

    Defendant.

_____

## STIPULATED PROTECTIVE ORDER CONCERNING
## CONFIDENTIAL INFORMATION
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Stipulated Protective Order shall apply to all documents, electronically stored information ("ESI"), materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Stipulated Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a) and includes ESI. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that is confidential, and which implicates common law or statutory privacy interests of (a) plaintiff; (b) current or former employees and/or agents of Dillon Companies, Inc.; or (c) Dillon Companies, Inc. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Dillon Companies, Inc.;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel"), or jury;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) any insurer who is providing coverage for the claims asserted against Defendant; and

    (i) other persons by written agreement of the parties.

 5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Before designating a document as confidential, counsel must possess a good faith belief that the document is confidential and entitled to protection.

 6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

 7. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with

this Stipulated Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

8. The effect of this Order continues after the conclusion of all trial and appellate proceedings, and upon request, all documents designated as CONFIDENTIAL shall be returned to the designating party's counsel within sixty (60) days of the conclusion of the proceedings in the case, or the parties may agree to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with written confirmation of the destruction.

9. Nothing herein shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

10. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 28th day of July, 2011.

BY THE COURT:

*s/ Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge